WP4    07 CV 5587

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEPHANIE BEYL,                                          CIVIL ACTION NO.

                 Plaintiff,                             COMPLAINT

   -against-

PAUL A. DRUMMOND, WERNER ENTERPRISES, INC.,
JESSICA K. BOISVERT and JAMES P. BOISVERT,

                Defendants.
-------------------------------------------------------------------X



U.S. DISTRICT COURT FILED JUN 1 1 2007 S.D. OF N.Y.

     The Plaintiff, STEPHANIE BEYL, by and through her attorneys, the Law Offices of Neil H. Greenberg & Associates, P.C., complaining of the defendants, respectfully alleges as follows:

## JURISDICTION and VENUE

     1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

     2. The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

     3. Venue with respect to this action lies within the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

## PARTIES

     4. STEPHANIE BEYL (hereinafter "plaintiff") is a female over the age of eighteen who resides in the County of Fairfield, State of Connecticut.

     5. Upon information and belief, the defendant, PAUL A. DRUMMOND, was a resident of the County of Dutchess, State of New York.

     6. Upon information and belief, the defendant, WERNER ENTERPRISES, INC., was and still is a foreign corporation duly authorized to do business in the State of New York.

7. Upon information and belief, JESSICA K. BOISVERT, was and still is a resident of the town and/or village of Mashpee, State of Massachusetts.

8. Upon information and belief, JAMES P. BOISVERT, was and still is a resident of the town and/or village of Vineyard Haven, State of Massachusetts.

## FACTS

9. Upon information and belief and at all times hereinafter mentioned, PAUL A. DRUMMOND was the operator of a 2002 freight truck bearing Nebraska license plate no. 53725.

10. Upon information and belief and at all times hereinafter mentioned, WERNER ENTERPRISES, INC. was the owner of a 2002 freight truck bearing Nebraska license plate no. 53725.

11. Upon information and belief and at all times hereinafter mentioned, PAUL A. DRUMMOND operated the 2002 freight truck bearing Nebraska license plate no. 53725 with the full knowledge, permission, and consent of WERNER ENTERPRISES, INC.

12. Upon information and belief and at all times hereinafter mentioned, JESSICA BOISVERT was the operator of a 1994 Ford motor vehicle bearing Massachusetts license plate no. X99ZDI.

13. Upon information and belief and at all times hereinafter mentioned, JAMES P. BOISVERT was the owner of a 1994 Ford motor vehicle bearing Massachusetts license plate no. X99ZDI.

14. Upon information and belief and at all times hereinafter mentioned, JESSICA K. BOISVERT operated the 1994 Ford motor vehicle bearing Massachusetts license plate no. X99ZDI with the full knowledge, permission, and consent of JAMES P. BOISVERT.

15. At all times hereinafter mentioned, the plaintiff was a passenger in the 1994 Ford motor vehicle operated by the defendant, JESSICA K. BOISVERT, and owned by the defendant, JAMES P. BOISVERT.

## COUNT I

16. The plaintiff hereby repeats, reiterates, and re-alleges those allegations contained in paragraphs numbered 1 through 15 as if fully set forth herein.

17. At all times hereinafter mentioned, I 84, in the Town of East Fishkill, County of Dutchess, State of New York, was and still is a public thoroughfare in common use.

18. On the 29th day of September, 2004, at approximately 11:40 a.m., on I 84, in the Town of East Fishkill, County of Dutchess, State of New York, the freight truck operated by the defendant, PAUL A. DRUMMOND, came into contact with the motor vehicle operated by the defendant, JESSICA K. BOISVERT, in which the plaintiff was a passenger.

19. Upon information and belief and at the time and place as aforementioned, the defendant, PAUL A. DRUMMOND's, negligence in operating the freight truck caused and/or allowed said freight truck to make contact with defendant, JESSICA K. BOISVERT'S motor vehicle on said I84.

20. At the time and place as aforementioned, defendant, PAUL A. DRUMMOND, failed to properly control the freight truck he was operating.

21. At the time and place as aforementioned, defendant, PAUL A. DRUMMOND, was traveling at an unlawful, unsafe and dangerous rate of speed.

22. At the time and place as aforementioned, defendant, PAUL A. DRUMMOND, failed to maintain proper observation of said roadway.

23. Said accident and the injuries and damages resulting to the plaintiff, STEPHANIE BEYL, were caused by the negligence of defendants, PAUL A. DRUMMOND and WERNER ENTERPRISES, INC., in their operation and ownership of the freight truck.

24. As a result of the foregoing, the plaintiff, STEPHANIE BEYL, sustained a serious injury as defined in Article 51, Section 5102(d) of the New York State Insurance Law and/or economic loss greater than basic economic loss as defined in Article 51, Section 5102(a) of the New York State Insurance Law.

25. That this action falls within one or more of the exemptions contained in the New York State Civil Practice Law and Rules sections 1602, 1602(1), 1602(2), 1602(3), 1602(4), 1602(5), 1602(6), 1602(7), 1602(8), 1602(9), 1602(10, 1602(11), 1602(12)

26. That by reason of the foregoing, the plaintiff, STEPHANIE BEYL, has been damaged in an amount that exceeds the sum or value of $75,000.00 exclusive of interest and costs.

27. By reason of the foregoing, the plaintiff, STEPHANIE BEYL, has been damaged in a substantial sum of money to be determined by the Court and Jury.

## COUNT II

28. The plaintiff repeats, reiterates, and re-alleges those allegations contained in paragraphs numbered 1 through 27 as if fully set forth herein.

29. At all times hereinafter mentioned, I 84, in the Town of East Fishkill, County of Dutchess, State of New York, was and still is a public thoroughfare in common use.

30. On the 29th day of September, 2004, at approximately 11:40 a.m., on I 84, in the Town of East Fishkill, County of Dutchess, State of New York, the motor vehicle operated by the defendant, JESSICA K. BOISVERT, came into contact with the freight truck operated by the

defendant, PAUL A. DRUMMOND.

31. Upon information and belief and at the time and place as aforementioned, the defendant, JESSICA K. BOISVERT'S negligence caused and/or allowed the motor vehicle she was operating on I 84 to make contact with the freight truck operated by the defendant, PAUL A. DRUMMOND.

32. At the time and place as aforementioned, the defendant, JESSICA K. BOISVERT, failed to properly control the motor vehicle she was operating.

33. At the time and place as aforementioned, the defendant, JESSICA K. BOISVERT, was traveling at an unlawful, unsafe and dangerous rate of speed.

34. At the time and place as aforementioned, the defendant, JESSICA K. BOISVERT, failed to maintain proper observation of said roadway.

35. Said accident and the injuries and damages resulting to plaintiff, STEPHANIE BEYL, were caused by the negligence of defendants, JESSICA K. BOISVERT and JAMES P. BOISVERT, in their operation and ownership of the 1994 Ford motor vehicle.

36. As a result of the foregoing, the plaintiff, STEPHANIE BEYL, sustained a serious injury as defined in Article 51, Section 5102(d) of the New York State Insurance Law and/or economic loss greater than basic economic loss as defined in Article 51, Section 5102(a) of the New York State Insurance Law.

37. That this action falls within one or more of the exemptions contained in the New York State Civil Practice Law and Rules sections 1602, 1602(1), 1602(2), 1602(3), 1602(4), 1602(5), 1602(6), 1602(7), 1602(8), 1602(9), 1602(10, 1602(11), 1602(12)

38. That by reason of the foregoing, plaintiff, STEPHANIE BEYL, has been damaged in an amount that exceeds the sum or value of $75,000.00 exclusive of interest and costs.

Case 7:07-cv-05587-KMK-GAY    Document 1    Filed 06/11/2007    Page 6 of 7

39. By reason of the foregoing, plaintiff, STEPHANIE BEYL, has been damaged in a substantial sum of money to be determined by the Court and Jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, STEPHANIE BEYL, demands that judgment be entered against defendants, PAUL A. DRUMMOND and WERNER ENTERPRISES, INC.:

(a) awarding the plaintiff damages in the amount exceeding the sum or value of $75,000.00 exclusive of interest and costs;

(b) affording the plaintiff such other and further relief as to this Court may deem just and proper.

(c) plaintiff demands a trial by jury of all claims asserted herein.

Plaintiff, STEPHANIE BEYL, demands that judgment be entered against defendants, JESSICA K. BOISVERT and JAMES P. BOISVERT

(a) awarding the plaintiff damages in the amount exceeding the sum or value of $75,000.00 exclusive of interest and costs;

(b) affording the plaintiff such other and further relief as to this Court may deem just and proper.

(c) plaintiff demands a trial by jury

Dated: Westbury, NY 11590
April 5, 2007

By:_____
Neil H. Greenberg, Esq. (NG 1307)
The Law Office of
Neil H. Greenberg and Associates, P.C.
Attorneys for the Plaintiff
Stephanie Beyl
900 Merchants Concourse
Westbury NY 11590