LSK&D #: 901-7005 / 901024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEPHANIE BEYL,

         Plaintiff,

 -against-

PAUL A. DRUMMOND, WERNER
ENTERPRISES, INC., JESSICA K. BOISVERT
and JAMES P. BOISVERT,

         Defendants.
-----------------------------------------------------------------x

Docket No.: 07 CV 5587

**CIVIL ACTION**

**RULE 7.1 STATEMENT**

S I R S :

 Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and to enable the Judges and Magistrates of the Court to evaluate possible disqualification and recusal, the undersigned attorneys of record for defendants, PAUL A. DRUMMOND and WERNER ENTERPRISES, INC., certify that, upon information and belief, the following corporations are involved in this matter:

        **WERNER ENTERPRISES, INC.**

Dated: New York, New York
    July 20, 2007

        Respectfully submitted,

        LESTER SCHWAB KATZ & DWYER, LLP

        _____
        Robert N. Dunn (RND-9193)
        Attorneys for Defendants
        PAUL A. DRUMMOND and WERNER
        ENTERPRISES, INC.
        120 Broadway
        New York, New York 10271
        (212) 964-6611

TO:

Neil H. Greenberg, Esq. (NG 1307)
The Law Office of
Neil H. Greenberg and Associates, P.C.
900 Merchants Concourse
Westbury, New York 11590
Attorneys for Plaintiff

LSK&D #: 901-7005 / 901028
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHANIE BEYL,

                                     Plaintiff,

        -against-

PAUL A. DRUMMOND, WERNER
ENTERPRISES, INC., JESSICA K. BOISVERT
and JAMES P. BOISVERT,

                                   Defendants.
------------------------------------------------------------x

Docket No.: 07 CV 5587

**CIVIL ACTION**

**ANSWER**

**DEFENDANTS DEMAND TRIAL BY JURY**

Defendants, PAUL A. DRUMMOND and WERNER ENTERPRISES, INC. by their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiff's Complaint dated respectfully state as follows:

## ANSWERING JURISDICTION AND VENUE

1. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Complaint.

3. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Complaint.

## ANSWERING PARTIES

4. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. Admit the allegations contained in paragraph "5" of the Complaint.

6. Admit the allegations contained in paragraph "6" of the Complaint.

7. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

## ANSWERING FACTS

9. Admit the allegations contained in paragraph "9" of the Complaint.

10. Admit the allegations contained in paragraph "10" of the Complaint.

11. Admit the allegations contained in paragraph "11" of the Complaint.

12. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the Complaint.

14. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Complaint.

15. Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Complaint.

## ANSWERING COUNT 1

16. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "16" of the Complaint.

17. Admit the allegations contained in paragraph "17" of the Complaint.

18. Deny each and every allegation contained in paragraph "18" of the Complaint except admit that on the 29th day of September 2004, at approximately 11:40 a.m., on I 84, in the Town of East Fishkill, County of Dutchess, State of New York, the

freight truck operated by the defendant, PAUL A. DRUMMOND, and the motor vehicle operated by the defendant, JESSICA K. BOISVERT, in which the plaintiff was a passenger, came into contact with each other.

19. Deny each and every allegation contained in paragraph "19" of the Complaint.

20. Deny each and every allegation contained in paragraph "20" of the Complaint.

21. Deny each and every allegation contained in paragraph "21" of the Complaint.

22. Deny each and every allegation contained in paragraph "22" of the Complaint.

23. Deny each and every allegation contained in paragraph "23" of the Complaint.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Deny each and every allegation contained in paragraph "25" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

26. Deny each and every allegation contained in paragraph "26" of the Complaint.

27. Deny each and every allegation contained in paragraph "27" of the Complaint.

## ANSWERING COUNT II

28. Repeat and reiterate each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "28" of the Complaint.

29. Admit the allegations contained in paragraph "29" of the Complaint.

30. Deny each and every allegation contained in paragraph "30" of the Complaint except admit that on the 29th day of September 2004, at approximately 11:40 a.m., on I 84, in the Town of East Fishkill, County of Dutchess, State of New York, the freight truck operated by the defendant, PAUL A. DRUMMOND, and the motor vehicle operated by the defendant, JESSICA K. BOISVERT, in which the plaintiff was a passenger, came into contact with each other.

31. Deny each and every allegation contained in paragraph "31" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

32. Deny each and every allegation contained in paragraph "32" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

33. Deny each and every allegation contained in paragraph "33" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

34. Deny each and every allegation contained in paragraph "34" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

35. Deny each and every allegation contained in paragraph "35" of the Complaint insofar as same may refer to or in anyway affect these answering defendants.

36. Deny each and every allegation contained in paragraph "36" of the Complaint.

37. Deny each and every allegation contained in paragraph "37" of the Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

38. Deny each and every allegation contained in paragraph "38" of the Complaint.

39. Deny each and every allegation contained in paragraph "39" of the Complaint.

## AS AND FOR A FIRST SEPARATE DEFENSE

40. That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of these answering defendants.

## AS AND FOR A SECOND SEPARATE DEFENSE

41. The plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

## AS AND FOR A THIRD SEPARATE DEFENSE

42. The accident described in the Complaint did not result in a "serious injury" to any plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

43. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, and her exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH SEPARATE DEFENSE

44. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A FIFTH SEPARATE DEFENSE

45. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendants were not obligated to exercise supervision or control.

## AS AND FOR A SIXTH SEPARATE DEFENSE

46. In the event plaintiff recovers a verdict or judgment against these defendant, then said verdict or judgment must be reduced by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in

part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

47. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and(4)b] of the Insurance Law of the State of New York, and her exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, JESSICA K. BOISVERT AND JAMES P. BOISVERT, DEFENDANTS, PAUL A. DRUMMOND AND WERNER ENTERPRISES, INC., ALLEGE:

48. If plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by these answering defendants, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the co-defendants above named.

49. That pursuant to contract or other agreements, co-defendants, above named, were to indemnify and hold harmless this answering defendant for injuries and damages sustained at the premises alleged in the Complaint and, therefore, these answering defendants are entitled to indemnity from co-defendants, above named, including attorneys' fees, costs, disbursements and expenses in defending this action.

50. That pursuant to contract or other agreements, co-defendants, above named, were to procure and/or provide insurance coverage for these answering defendants for bodily injury and property damage occurring at the premises where injured plaintiff was allegedly injured and, therefore, co-defendants above named have breached their contracts or other agreements and these answering defendants are

entitled to insurance coverage from co-defendants, above named, as well as all attorneys' fees, costs, disbursements and expenses in defending this action.

51. By reason of the foregoing, these answering defendants are entitled to contribution and/or indemnification from, and to have judgment over and against, the co-defendants above named, for all or part of any verdict or judgment that plaintiff may recover against these answering defendants.

**WHEREFORE,** these answering defendants demand judgment dismissing the Complaint, or in the event the plaintiff recovers a verdict or judgment against these answering defendants, then these defendants demand judgment over against the co-defendants above named, together with the attorneys fees, costs and disbursements of this action.

Dated:   New York, New York
         July 20, 2007

                                Respectfully submitted,

                                LESTER SCHWAB KATZ & DWYER, LLP

                                Robert N. Dunn (RND-9193)
                                Attorneys for Defendants
                                PAUL A. DRUMMOND and WERNER
                                ENTERPRISES, INC.
                                120 Broadway
                                New York, New York  10271
                                (212) 964-6611

TO:

Neil H. Greenberg, Esq. (NG 1307)
The Law Office of
Neil H. Greenberg and Associates, P.C.
900 Merchants Concourse
Westbury, New York 11590
Attorneys for Plaintiff

Declaration of Service

I served the annexed 7.1 STATEMENT AND ANSWER by first-class mail on the following persons on July 23, 2007:

>Neil H. Greenberg, Esq. (NG 1307)
>The Law Office of
>Neil H. Greenberg and Associates, P.C.
>900 Merchants Concourse
>Westbury, New York 11590
>Attorneys for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 23, 2007.

_____
CINDY M. BENENATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHANIE BEYL,

                                   Plaintiff,

-against-

PAUL A. DRUMMOND, WERNER
ENTERPRISES, INC., JESSICA K. BOISVERT
and JAMES P. BOISVERT,

                                   Defendants.
------------------------------------------------------------x

**Docket No.: 07 CV 5587**

**CIVIL ACTION**

# RULE 7.1 STATEMENT AND ANSWER

### LESTER SCHWAB KATZ & DWYER, LLP

**ATTORNEYS FOR**    **Defendants**
**PAUL A. DRUMMOND AND WERNER ENTERPRISES, INC.**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916