UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHANIE BEYL,

                  Plaintiff,

-against-

PAUL A. DRUMMOND, WERNER ENTERPRISES, INC., JESSICA K. BOISVERT and JAMES P. BOISVERT

                  Defendants.
------------------------------------------------------------X

CIVIL ACTION NO. 07CV5587

**VERIFIED ANSWER**

    Defendants, JESSICA K. BOISVERT and JAMES P. BOISVERT, by their attorney, Steven T. Roe, Esq. respectfully submit the following, upon information and belief, as and for an answer to the plaintiff's complaint:

    1.    Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered as 1, 3, 4, 5, 6, 9, 10 and 11 of the plaintiff's complaint.

    2.    Defendant denies each and every allegation contained in paragraphs numbered as 2 of the plaintiff's complaint.

    3.    Defendant denies each and every allegation contained within paragraphs 12, 13 and 14 of the plaintiff's complaint; yet admits that Jessica Boisvert operated a 1994 Ford motor vehicle bearing Massachusetts license plate number 899ZDI with full knowledge and consent of owner James Boisvert.

    4.    Defendant admits the allegations in paragraphs 7 and 8 of the plaintiff's complaint as relates to at the time of the subject accident.

## AS AND FOR AN ANSWER TO COUNT ONE

5. Answering the paragraph numbered as 16 in plaintiff's complaint, defendant repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

6. Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered as 17 of the plaintiff's complaint.

7. Defendant admits the allegations in paragraphs 18, 19, 20, 21, 22 and 23 of the plaintiff's complaint.

8. Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered as 24 and 25 of the plaintiff's complaint leaving all questions of law to the Court of competent jurisdiction.

9. Defendant denies each and every allegation contained in paragraphs numbered as 26 and 27 of the plaintiff's complaint.

## AS AND FOR AN ANSWER TO COUNT TWO

10. Answering the paragraph numbered as 28 in plaintiff's complaint, defendant repeats and reiterates each and every denial or admission hereinbefore made with the same force and effect as if again set forth at length herein.

11. Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered as 29 of the plaintiff's complaint.

12. Defendant denies each and every allegation contained in paragraphs numbered as 30, 31, 32, 33, 34, 35, 38 and 39 of the plaintiff's complaint.

13. Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered as 36 and 37 of the plaintiff's complaint leaving all questions of law to the Court of competent jurisdiction.

## FOR A FIRST AFFIRMATIVE DEFENSE

14. The plaintiff does not meet the threshold requirements of Article 51 of the Insurance Law of the State of New York and, therefore, is not qualified to maintain this lawsuit. Plaintiff has not sustained a serious injury as defined in the aforementioned section.

## FOR A SECOND AFFIRMATIVE DEFENSE

15. That the vehicle in which the plaintiff was an occupant was equipped with seat belts which, upon information and belief, the plaintiff failed to use. That by reason of the foregoing, any damages sustained by the plaintiff should be mitigated to the extent that the failure to use said seat belt and chest restraints caused or contributed to the injury and damage sustained by the plaintiff.

## FOR A THIRD AFFIRMATIVE DEFENSE

16. This Honorable Court lacks jurisdiction over this answering defendant as they were not properly served.

## FOR A FOURTH AFFIRMATIVE DEFENSE

17. This Honorable Court lacks subject matter jurisdiction over this answering defendant(s) as the amount in controversy does not reach the requisite jurisdictional threshold.

## FOR A FIFTH AFFIRMATIVE DEFENSE

18. Pursuant to CPLR 4545, plaintiff's recovery should be reduced by any amounts received or to be received by plaintiff from any collateral source of payment.

### FOR A SIXTH AFFIRMATIVE DEFENSE

19. That if it be determined hereafter that plaintiff or any party to this lawsuit has proceeded to arbitration with respect to any issue relevant to this action which results in an adverse ruling to said plaintiff, then and in that event, the answering defendant(s) hereby plead said adverse ruling or award on the theory of collateral estoppel.

### FOR A SEVENTH AFFIRMATIVE DEFENSE

20. That this answering defendant(s) was faced with a sudden emergency situation and acted reasonably in response to said emergency.

### AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS PAUL A. DRUMMOND, WERNER ENTERPRISES, INC.

21. That if the plaintiff sustained the injuries and damages alleged in the complaint in the manner set forth in the complaint, all of which has been denied by the defendants JESSICA K. BOISVERT and JAMES P. BOISVERT, through any fault other than the fault of the plaintiff, then such injuries and damages were caused by the active, affirmative, vicarious and primary negligence of the defendants PAUL A. DRUMMOND, WERNER ENTERPRISES, INC.; the answering defendants will be entitled to contribution and indemnification in whole or in part, by each negligent and/or culpable party named in this cross claim for the portion of the plaintiff's damages which were caused by each negligent and/or culpable party named in this cross claim.

### JURY DEMAND

22. The defendants herein respectfully demand a trial by jury in this action.

WHEREFORE, defendants JESSICA K. BOISVERT and JAMES P. BOISVERT demands judgment dismissing plaintiff's complaint herein in its entirety, together with the costs and disbursements of this action and further demand judgment on the cross-claim in whole or in part as to any verdict or judgment that may be rendered against them, together with the costs and disbursements of this action.

DATED: August 23, 2007
          Goshen, New York

                                    s/
                               _____
                               Steven T. Roe, Esq. - SR7748
                               Attorney for defendants
                               Jessica K. Boisvert and James P. Boisvert
                               HC1Box 1A84
                               398 Heritage Lane
                               Lackawaxen, PA 18435 ***
                               (570) 685-7874

*** N.Y. Office
One Railroad Avenue
Goshen, New York 10924

TO:
Neil H. Greenberg and Associates, P.C.
Attorneys for the plaintiff
900 Merchants Concourse
Suite 214
Westbury, New York 11590

PAUL A. DRUMMOND
16 Thompson Street
Poughkeepsie, New York 12601

WERNER ENTERPRISES
14507 Frontier Road
Omaha, NE 68138

**THIS DOCUMENT HAS BEEN FILED ELECTRONICALLY**

**WHEREFORE**, defendants JESSICA K. BOISVERT and JAMES P. BOISVERT demands judgment dismissing plaintiff's complaint herein in its entirety, together with the costs and disbursements of this action and further demand judgment on the cross-claim in whole or in part as to any verdict or judgment that may be rendered against them, together with the costs and disbursements of this action.

DATED:  August 23, 2007
        Goshen, New York

> Steven T. Roe, Esq. SR7748
> Attorney for defendants
> Jessica K. Boisvert and James P. Boisvert
> HC1 Box 1A84
> 398 Heritage Lane
> Lackawaxen, PA 18435 ***
> (570) 685-7874

\*\*\* N.Y. Office
One Railroad Avenue
Goshen, New York 10924

TO:
Neil H. Greenberg and Associates, P.C.
Attorneys for the plaintiff
900 Merchants Concourse
Suite 214
Westbury, New York 11590

PAUL A. DRUMMOND
16 Thompson Street
Poughkeepsie, New York 12601

WERNER ENTERPRISES
14507 Frontier Road
Omaha, NE 68138

STATE OF NEW YORK, COUNTY OF ORANGE    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the defendant JESSICA K. BOISVERT and JAMES P. BOISVERT. I have read the annexed VERIFIED ANSWER, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Facts and information contained in deponent's file. The reason I make this affirmation instead of the defendant is because the defendant is not within the County of Orange where affirmant's law office is located.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: August 23, 2007

_____
STEVEN T. ROE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
STEPHANIE BEYL,

                Plaintiff,

    -against-

PAUL A. DRUMMOND, WERNER ENTERPRISES, INC., JESSICA K. BOISVERT and JAMES P. BOISVERT

                Defendants.
-----------------------------------------------------------X

CIVIL ACTION NO. 07CV5587

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK   )
                       )
COUNTY OF ORANGE   )

    SHAWN M. ROE, being duly sworn says: I am not a party to the action, am over 18 years of age and reside in Lackawaxen, Pennsylvania.
    On August 24, 2007, I served a true copy of the annexed VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES in the following manner:
    By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known addresses of the addressee(s) as indicated below:

Neil H. Greenberg and Associates, P.C.
900 Merchants Concourse
Suite 214
Westbury, New York 11590

PAUL A. DRUMMOND
16 Thompson Street
Poughkeepsie, New York 12601

WERNER ENTERPRISES
14507 Frontier Road
Omaha, NE 68138

                                                              _____
                                                              Shawn M. Roe

Sworn to before me this
___ day of Aug , 2007

_____
NOTARY PUBLIC

STEVEN T. ROE
Notary Public, State of New York
No. 02RO5086214
Qualified in Onondaga Co.
Commission Expires October , 2009